■ GWENDOLYN OSBORNE, Appellant, v COUNTY OF NASSAU et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to accept petitioner's withdrawal of her resignation and to have the resignation declared a nullity, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated November 16, 1976, which, *inter alia,* dismissed the petition. Judgment modified, on the law, by deleting therefrom the provision which pertains to petitioner's claim for salary for the period of her suspension (April 13, 1976 to May 12, 1976) and substituting therefor a provision directing the respondents to pay petitioner her salary "and other benefits" for the period of her suspension, less the amount of compensation earned in any other employment or occupation and any unemployment benefits she may have received during such period. As so modified, judgment affirmed, without costs or disbursements. Petitioner, a

registered nurse, was employed by the Department of Social Services of Nassau County. On April 13, 1976 charges were filed against her pursuant to section 75 of the Civil Service Law, and she was suspended without pay for a period of 30 days. At a disciplinary hearing held on September 9, 1976, the parties herein entered into a stipulation under which the charges against petitioner were withdrawn and petitioner agreed to resign, effective October 14, 1976. The stipulation also specified that petitioner would be paid for the period of her suspension. At the hearing petitioner was represented by an attorney whose services were offered, without expense to her, through the Nassau Chapter, Civil Service Employees Association (the CSEA). Her attorney also acted as counsel for the CSEA itself. On September 27, 1976 petitioner sought to withdraw her resignation. This attempted withdrawal was refused by respondents on October 5, 1976. Petitioner commenced this CPLR article 78 proceeding to compel respondents to accept the withdrawal of her resignation. She claimed, *inter alia,* that her resignation was not lawful due to an undisclosed conflict of interest on the part of her attorney, in that he also represented her union, the CSEA. She also claimed that her resignation had been obtained through duress. Special Term dismissed the proceeding. The argument raised by petitioner concerning a conflict of interest is untenable. The dispute here is between herself and respondents, with whom her attorney has no relationship. The fact that coworkers of petitioner, who are also members of the CSEA, might have been called to testify against her, does not constitute either a real or potential conflict. The CSEA itself had no dispute with petitioner, and neither it, nor any of its other members, were parties to the disciplinary action. Petitioner's argument that her resignation had been obtained by duress is also rejected. The respondents did not threaten to do anything that was not within their power to do. Her resignation was obtained in exchange for the promises set forth by respondents in the September 9, 1976 stipulation. In accordance with the said stipulation, the respondents should pay petitioner her salary and other benefits for the period of her suspension (April 13, 1976 to May 12, 1976), as set forth above. We have considered the other issues raised by petitioner and find them to be without merit. Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.